UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.

SHELLA FLEURISMA, individually,

Plaintiff,

-vs-

OCWEN LOAN SERVICING, LLC, a
Foreign Limited Liability Company,

Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHELLA FLEURISMA an Individual (hereinafter "Plaintiff") sues Defendant, OCWEN LOAN SERVICING, LLC, a foreign limited liability company (hereinafter "Defendant") for violation of the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act, ("TCPA"), and the Florida Consumer Collection Practices Act ("FCCPA") and in support thereof states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages in excess of $15,000.00.

2. Plaintiff is a natural person and citizen of the State of Florida, residing in Palm Beach County, Florida.

3. Defendant is registered with the Florida Department of State, Division of Corporations as a foreign limited liability company. Its registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

4. Defendant is a Florida Corporation and citizen of the State of Florida with its principal place of business at 1661 Worthington Road, Ste. 100, West Palm Beach, Florida 33409.

5. This Court has federal question jurisdiction because this case arises out of violations of

federal laws: 28 U.S.C. § 1331 and 47 U.S.C. §227(b). *See* Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012).

6. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 18 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida and Plaintiff is a resident of Palm Beach County, Florida, which falls within the Southern District of Florida.

7. Venue is proper in this Court because Plaintiff resides here, because Defendant placed phone calls into this Circuit, and because Defendant has offices and engages in substantial, and not isolated, activity in Palm Beach County, Florida.

## FACTUAL ALLEGATIONS

8. At all times material hereto, Plaintiff was a "person" as defined by 47 U.S.C. § 153(39).

9. At all times material hereto Plaintiff was a "consumer" as defined by the Florida Consumer Collections Practices Act ("FCCPA").

10. At all times material hereto Plaintiff was a consumer as defined by § 15 U.S.C. §1692a(3), who incurred the below described debt for personal, family or household services.

11. At all times material hereto Defendant was a "debt collector" as contemplated by the FCCPA.

12. At all times material hereto Defendant's business was the regular collection of debts using the mail and/or telephone.

13. Defendant, is a loan servicer who obtained Plaintiff's loan/debt after it was in default, and is therefore a debt collector as defined by 15 U.S.C. §1692a(6).

14. Defendant serviced the loan for Plaintiff's mortgage/note.

15. In or about 2010, Plaintiff's home was foreclosed by her Condo Association, Plaintiff's home was sold on May 27, 2010, and she lost title to her home on August 11, 2010.

16. Defendant is now maintaining an action to foreclose on the note and mortgage that it services, in the name of U.S. Bank as Trustee.

17. On October 20, 2015, Plaintiff's counsel, who was hired to defend her against Defendant's foreclosure, entered a notice of appearance in the foreclosure lawsuit. (See Exhibit "A").

18. At that point, on October 20, 2015, Defendant had actual knowledge that Plaintiff was represented by counsel with regard to the alleged debts that Defendant was attempting to collect.

19. Despite having actual knowledge that Plaintiff was represented by counsel, on November 17, 2015, Defendant sent a debt collection letter to Plaintiff attempting to collect $70,530.00 dollars—the debt that was the subject of the litigation. ("See Exhibit "B").

20. In response to the continued harassment, Plaintiff, by and through her Agent New Regs Research Group, LLC, wrote Defendant to again state "Shella Fleurisma does not consent to direct communication with Ocwen Loan Servicing, LLC or any third parties doing business with Ocwen Loan Servicing, LLC." (See Exhibit "C").

21. Again, in complete disregard of Plaintiff's requests as well as state and federal laws, on December 02, 2015, Defendant sent Plaintiff a debt collection letter regarding interest and payment on her loan modification.

22. Again, in complete disregard of Plaintiff's requests as well as state and federal laws, on December 02, 2015, Defendant also sent Plaintiff a "Final Notice" trying to collect monies for forced placed insurance pertaining to a property Plaintiff had not owned in five (5) years.[1]

23. The communications that Defendant sent to Plaintiff are "communications" as defined by 15 U.S.C. § 1692a(2).

---

[1] Defendant was trying to collect for forced placed insurance on a property that already had insurance through the condo association.

[1499282/4]                              3

24. Plaintiff has become emotionally distressed by Defendant's constant and renewed reminders that Plaintiff had lost her home.

25. In addition, in or about July 2015, Defendant began placing autodialed and/or prerecorded calls to Plaintiff's cellular phone, attempting to collect alleged debts.

26. Defendant did not obtain the required express consent to call Plaintiff's cellular phone with autodialed and/or prerecorded calls.[2]

27. In addition to the lack of original consent, and the letter on November 23, 2015, on October 09, 2015, and during nearly every call by Defendant thereafter, Plaintiff repeatedly and expressly demanded that Defendant cease, desist, and never again contact her on her cellular phone.

28. Notwithstanding a lack of consent and express demand to cease and desist all calls to her cellular phone, Defendant placed over one hundred and twenty (120) autodialed and/or prerecorded phone calls to Plaintiff on her cellular phone.

29. Defendant's calls were, in most cases, pertaining to the purchase of insurance for a property that was taken from Plaintiff five (5) years prior and, at times, numbered nearly forty (40) calls a month.

30. Plaintiff is informed, believes, and based thereon alleges that all phone contact by Defendant to Plaintiff on her cellular phone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

31. None of Defendant's phone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

---

[2] Under the TCPA, the burden is on Defendant to demonstrate that Plaintiff provided her prior express consent within the meaning of the statute.

32. Defendant's telephone calls to Plaintiff's cellular phone, which were placed through the use of an "artificial or prerecorded voice," or through an "automatic telephone dialing system" for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

33. Upon information and belief, Plaintiff's experience is typical of that of other Defendant's customers, and that Defendant maintains a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

34. Defendant willfully or knowingly violated the TCPA.

35. Defendant willfully or knowingly violated the FDCPA.

36. Defendant willfully or knowingly violated the FCCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

37. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 36.

38. Defendant, or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, and/or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

39. Defendant continued despite Plaintiff's demand to stop.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

40. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 36.

41. Despite having knowledge that Plaintiff was represented by an attorney, Defendant willfully communicated with Plaintiff to enforce an alleged debt.

42. Defendant, therefore, has violated the FDCPA, 15 USC 1692c and is liable to Plaintiff for statutory damages of $1,000.00 per culpable Defendant, together with attorney's fees and costs.

[1499282/4]                                5

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA")

43. Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 36.

44. Despite having knowledge that Plaintiff was represented by an attorney, Defendant willfully communicated with Plaintiff to enforce an alleged debt.

45. Defendant, therefore, has violated the FCCPA, Fla. Stat. § 559.72(18), and is liable to Plaintiff for statutory damages of $1,000.00 per culpable Defendant, together with attorney's fees and costs.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

46. $500.00 dollars in statutory damages for each violation of the TCPA;

47. $1,500.00 dollars in statutory damages for each knowing, or willful, violation of the TCPA;

48. a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

49. a permanent injunction prohibiting Defendants from placing non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, or pre-recorded and/or artificial voice;

50. $1,000.00 dollars in statutory damages for violation of the FDCPA;

51. $1,000.00 dollars in statutory damages for violation of the FDCPA;

52. actual damages, including, without limitation, damages for mental anguish resulting from Defendant's statutory violations;

53. attorney's fees and litigation costs; and

54. such other and further relief as the Court deems proper.

## JURY TRIAL REQUEST

Plaintiff respectfully requests a jury trial on all issues so triable.

Dated this 11th day of March, 2016.

Respectfully Submitted,

ZEBERSKY PAYNE, LLP
*Counsel for Plaintiff, Shella Fleurisma*
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email:       jshaw@zpllp.com
Secondary Email:     mperez@zpllp.com

By_____
   JORDAN A. SHAW, ESQ.
   Florida Bar No. 111771